# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Erik Haapala, | Civil No. 11-3486 (SRN/AJB) |
| Plaintiff, | |
| v. | |
| Bank of America, N.A., New Century Mortgage Corporation, and Deutsche Bank National Trust Company, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

---

Andrew S. Dosdall, Christopher P. Parrington, and Patrick D. Boyle, Skjold Parrington, P.A., 222 South Ninth St., Suite 3220, Minneapolis, Minnesota 55402, for Plaintiffs.

Andre T. Hanson, Ronn B. Kreps, and Leaf Dilts McGregor, Fulbright & Jaworski LLP, 80 South Eighth St., Suite 2100, Minneapolis, MN 55402, for Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on a Motion to Dismiss filed by Defendants Bank of America, N.A., and Deutsche Bank National Trust Company. [Doc. No. 8.] Defendant New Century Mortgage Corporation has not entered an appearance in the action.[1] For the reasons stated below, the Court grants the Motion to Dismiss and dismisses the Complaint [Docket No. 1-1] with prejudice.

---

[1] New Century Mortgage filed for bankruptcy in 2007. It has not been served in this action and, according to Defendants, appears to be defunct. (Defs.' Supp. Mem. at 4.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Plaintiff Erik Haapala moved onto the farm his grandparents had owned since 1950 in Dassel, Minnesota. (Compl. ¶¶ 6-7.) He purchased the property in 2006, financing the purchase with a $294,000 mortgage from Defendant New Century Mortgage. (Id. ¶¶ 8-9.) Defendant Deutsche Bank now owns the mortgage and Defendant Bank of America serviced the mortgage on Deutsche Bank's behalf. (Id. ¶ 10.)

In 2009, Haapala declared Chapter 7 bankruptcy. (Id. ¶ 21.) He apparently also stopped paying his mortgage payments at approximately the same time, although the Complaint contains no specific allegations about when Haapala's mortgage went into default. In March 2010, Haapala received notice from Bank of America that it would institute foreclosure proceedings if he did not cure the default. (Id. ¶ 23.) Later in the summer of 2010, Bank of America notified Haapala that the sheriff's sale of his property was scheduled for September 2, 2010. (Id. ¶ 27.) This sale was postponed, and in late September, Haapala applied for the Home Affordable Modification Program, or HAMP. (Id. ¶ 28.)

In June 2011, Haapala received an e-mail from Bank of America allegedly informing him that his HAMP application had been approved by the underwriter. (Id. ¶ 41.) The e-mail also told Haapala that if his application was denied by the treasury department, he would be eligible for in-house modification of his mortgage and the sheriff's sale scheduled for July 21, 2011, would be postponed. (Id. ¶ 43.) Haapala

attached a copy of this e-mail correspondence to the Complaint.  (Id. Ex. A [Doc. No. 1-2].)

On June 23, 2011, Bank of America informed Haapala that his HAMP application had been denied.  (Id. ¶ 44.)  In late July 2011, Bank of America told Haapala that he did not qualify for an in-house modification.  (Id. ¶ 46.)  The foreclosure sale was rescheduled for August 25, 2011.  (Id. ¶ 49.)  The Complaint, filed in November, does not specify whether that sale went forward as scheduled, although the papers filed in conjunction with this Motion indicate that the property was sold at sheriff's sale in August 2011.  Haapala continues to reside in the home.

The Complaint contains six causes of action.  The first two Counts are requests for declaratory judgment and injunctive relief.  Count III alleges a breach of duty under Minnesota law. Counts IV and V allege fraud and negligent misrepresentation, and Count VI contends that Defendants should be estopped from denying the existence of a contract through the application of promissory estoppel.  Defendants seek dismissal of all Counts.

## II.  DISCUSSION

### A.  Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Amended Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions Plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**B.     Promissory Estoppel**

As his counsel conceded at the hearing on this matter, Haapala bases his promissory estoppel claim only on the June 14, 2010, e-mail from Bank of America. Because he attached the e-mail to the Complaint, the Court can properly consider the contents of the e-mail in determining the Motion to Dismiss. See Morton, 793 F.2d at 187 ("Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the complaint as exhibits may be considered in ruling on the sufficiency of the complaint.").

The e-mail was a response to a query from Haapala regarding the imminent

foreclosure sale of his home. Ms. Jana Harris, a "Home Service Specialist II" for Bank of America, told Haapala that the sale had been postponed. (Compl. Ex. A at 1.) She then told him that the "underwriter has completed and approved your file already" and that the file "has been sent to treasury for final approval." (Id.) The remainder of the e-mail states, in relevant part, as follows:

> If the treasury is able to approve your request as well, you will receive information in the mail regarding the decision and details (new interest rate, loan term, payment amount etc.) via FedEx in about 30 days. If the treasury declines the request the letter you receive will have the details and information as to why they could not qualify you for this program. There will also be information on other programs and in house modifications you do qualify for, and how to move forward with those other options. If your file is approved, the sale date will drop. If your file does not qualify for this program, and you decide to move forward with another program or in house modification, the sale date will be postponed again or dropped while you are in the application process.

(Id.) According to Haapala, this e-mail created an enforceable promise that Haapala qualified for an in-house modification of his mortgage. As noted, however, after his HAMP application was denied, he applied for the in-house modification program and, in July 2011, he was notified that he did not qualify for that program.

Haapala has failed to plead that Bank of America made an enforceable promise on which he could reasonably rely, and further has failed to plead that he detrimentally relied on such a promise. The e-mail does not promise Haapala anything. Rather, it encourages him to apply for another program. Nowhere does Ms. Harris tell Haapala that he has been approved for any modification program whatsoever.

In addition, Haapala does not and cannot show any reliance on any alleged promises in the e-mail. At the hearing, his counsel attempted to ascribe the months-long

delay between his initial HAMP application and this e-mail, with the attendant late-fee accrual, as Haapala's detrimental reliance. But the delay in processing a HAMP application is by itself not actionable, because HAMP itself creates no duties nor does it give rise to any private right of action. Cox v. Morg. Elec. Registration Sys., Inc., 794 F. Supp. 2d 1060, 1064 (D. Minn. 2011) (Doty, J.); see also Williams v. Geithner, No. 09-1959, 2009 WL 3757380, at *6-7 (D. Minn. Nov. 9, 2009) (Montgomery, J.) (noting that the discretion inherent in HAMP precludes homeowners from claiming that they are entitled to a mortgage modification or a reply to a modification request). Thus, the only time in which Haapala could have suffered any detriment is the time between the June 14 e-mail and the denial of an in-house modification in late July. There is no allegation in the Complaint that Haapala changed his position in any way in this short timeframe.

      This case is therefore distinguishable from a case recently decided by Judge Patrick J. Schiltz in this District. Stumm v. BAC Home Loans Serv., LP, Civ. No. 11-3736 (PJS/LIB) (Doc. No. 11). In Stumm, Judge Schiltz allowed plaintiffs to re-plead their promissory estoppel claim to raise allegations of detrimental reliance that counsel argued at the hearing but did not include in the complaint. Stumm, slip op. at 2. Here, counsel could not offer the Court any other allegation of detrimental reliance other than the Complaint, which is completely devoid of such an allegation.

      Nor is this case similar to Racutt v. U.S. Bank, Civ. No. 11-2948 (PAM/JJK) (Doc. No. 31). In Racutt, the plaintiffs were accepted into HAMP's trial modification program, but were denied permanent modification after many months of delay and for articulated reasons that were not plausible or supported by the record. Judge Magnuson held that the

6

Racutt plaintiffs had sufficiently pled detrimental reliance for the purposes of the doctrine of equitable estoppel. The Racutt plaintiffs pled that they relied on the lower HAMP payments in paying off other debts rather than saving the difference between the lower payments and their regular mortgage payments, so that when the mortgagee ultimately demanded $30,000 to make the loan current, they were unable to pay that amount. Racutt, slip op. at 6-7. The detriment the Racutt plaintiffs suffered stands in stark contrast to Haapala, who did not make any mortgage payments, reduced or not, for more than two years, and did not change his position in any way in reliance on Bank of America's June 14, 2010, e-mail. Moreover, unlike the Racutt plaintiffs, Haapala has not pled equitable estoppel.

Haapala has asked to be allowed to amend his Complaint to more specifically plead detrimental reliance and to find more alleged misrepresentations to support his claims for negligent misrepresentation. He cannot plead any facts to show detrimental reliance because he did not in fact detrimentally rely on any statement Bank of America made, and thus his request to amend his Complaint is futile. See Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) ("Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6).'") (quoting Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008)).

Even if Haapala did plead a sufficient promise and detrimental reliance, however, his promissory estoppel claim would fail because Minnesota's credit statute of frauds precludes such promissory estoppel claims. That statute requires that credit agreements

7

must be in writing signed by both the creditor and the debtor and must set forth "the relevant terms and conditions." Minn. Stat. § 513.33, subd. 2. As the Minnesota Court of Appeals has held:

> [t]he plain and unambiguous language of the statute [of frauds] clearly prohibits a claim that a new credit agreement is created unless the agreement is in writing, expresses consideration, sets forth all relevant terms and conditions, and is signed by the creditor and debtor. . . . [Thus] section 513.33 precludes [a plaintiff's] claim of promissory estoppel to establish a new credit agreement.

Greuling v. Wells Fargo Home Mortg., Inc., 690 N.W.2d 757, 762 (Minn. Ct. App. 2005). Because there is no writing in this case that sets forth any agreement between Bank of America and Haapala, the credit statute of frauds precludes Haapala's promissory estoppel claim.

**C.     Breach of Mortgagee Duty**

The Complaint purports to raise a claim for the breach of Minnesota's statutory duty of good faith. This duty provides that "the mortgagee . . . may fairly and in good faith purchase the premises so advertised, or any part thereof, at [a sheriff's] sale." Minn. Stat. § 580.11. Haapala must recognize that this statute does not apply in this situation, because he does not defend this claim in his opposition to the Motion. See Cox, 794 F. Supp. 2d at 1065 (noting that the statute does not impose any pre-foreclosure duty on the mortgagee). The breach-of-duty claim will be dismissed.

**D.      Fraud and Negligent Misrepresentation**

Haapala's claims of fraud and negligent misrepresentation are based on the same e-mail that ostensibly supports his promissory estoppel claim. Both of these claims require some reliance on the part of the person claiming to be injured. See Bonhiver v. Graff, 248 N.W.2d 291, 299 (Minn. 1976) (noting "justifiable reliance" as an element of a negligent misrepresentation claim); Hoyt Props., Inc. v. Prod. Res. Group, LLC, 736 N.W.2d 313, 318 (Minn. 2007) (noting that reliance and pecuniary damage are elements of fraudulent representation claim). As discussed above, Haapala has not and cannot plead any reliance on the June 14, 2011, e-mail, much less any detrimental reliance on the statements in that e-mail. In addition, the e-mail contained no misrepresentations. Haapala's fraud and negligent misrepresentation claims therefore fail as a matter of law.

**E.      Declaratory Judgment and Injunctive Relief**

Because none of Haapala's substantive legal claims has merit, he is not entitled to either a declaratory judgment or injunctive relief. These claims are dismissed.

**F.      Conclusion**

Plaintiff has failed to allege facts that plausibly establish any of his claims. The Complaint will be dismissed.

## III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. No. 8] is **GRANTED**; and

2. The Complaint [Doc. No. 1-1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 22, 2012                                s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge